IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:23cr92-MHT |
| | ) | (WO) |
| LAWRENCE COLEY, III | ) | |

## ORDER

This cause is before the court on the third unopposed motion to continue trial filed by defendant Lawrence Coley, III. For the reasons set forth below, the court finds that jury selection and trial, now set for March 18, 2024, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within

>  seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any period of delay resulting from any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the

2

interest of the public and Coley in a speedy trial. Coley stands indicted for one count of distribution of fentanyl resulting in death and one count of possession with the intent to distribute fentanyl; he faces a very significant sentence if convicted.  Coley's counsel represents that the expert toxicologist whom she retained for the defense has not completed the report of her findings due to a misunderstanding, and that the expert cannot have the report ready in time for counsel to give timely and useful disclosure of the expert's findings to the government.  The expert reportedly can have the report finished by April 5, 2024, which is too late for the March 18 trial term.  The court sees no evidence of a lack of diligence on counsel's part.  A continuance is necessary to allow sufficient time for the completion of the expert report and the disclosure of that report to the government in a timely manner.  Moreover, the government does not oppose the motion.

***

Accordingly, it is ORDERED as follows:

3

(1) The unopposed motion to continue trial (Doc. 37) is granted.

(2) The jury selection and trial, now set for March 18, 2024, are reset for June 17, 2024, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and shall postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 8th day of February, 2023.

                                  /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**